20 P.3d 11

Jack POST and Karla Post, husband and wife, Plaintiffs–Respondents,

v.

IDAHO FARMWAY, INC., an Idaho corporation: Weitz & Co., Inc., an Idaho corporation: Canyon Holding Co., an Idaho limited liability company, Defendants–Appellants,

and

Tim (Timothy) Corder, Sr., and Lavonne Corder, dba T & LC Farms: and Rick Layher, Sheriff of Elmore County, Idaho, Defendants–Respondents.

No. 25670.

Supreme Court of Idaho,
Boise, December 2000 Term.

March 1, 2001.

Vernon K. Smith, Jr., Boise, for appellants.

Hall, Friedly & Ward, Boise, for respondents Jack and Karla Post, husband and wife. Jay R. Friedly argued.

Thompson and Ashcraft, L.L.P., Mountain Home, for respondents Tim Corder, Sr., and Lavonne Corder dba T & LC Farms. Larry C. Ashcraft argued.

Respondent Layher did not participate in this appeal.

TROUT, Chief Justice.

This is an appeal from an order granting summary judgment to defendants Timothy Corder, Sr. and LaVonne Corder (Corders).

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Jack and Karla Post (Posts) farmed land in Elmore County owned by Idaho Farmway, Inc. (Farmway). Under the terms of their lease, the Posts were obligated to make a $40,000 payment each January 10th and a $35,000 payment each August 1st to Farmway.

Pursuant to a lawsuit filed in 1995, the Corders obtained a judgment of $35,578.48 against Farmway on January 5, 1998. The Corders then obtained a supplemental judgment awarding them an additional $37,980.22 in costs and attorney fees. To collect on their judgment, the Corders attempted to garnish the lease payments being made by the Posts to Farmway. The Sheriff of Elmore County served the Posts with a notice of garnishment in June of 1998. In July of 1998, Farmway sent a letter to the Posts informing them the farm had been transferred by Farmway to Weitz & Co. on February 23, 1998. The transfer from Farmway (owned by the Weitz family) to Weitz & Co. (also owned by the Weitz family), was allegedly made to satisfy an obligation owed by Weitz & Co. to Key Bank on which Farmway was a guarantor. The letter informed the Posts they were to deposit their lease payments with Canyon Holding Co., LLC for the benefit of Weitz & Co.

Due to the conflicting demands for payment, the Posts filed this interpleader action and deposited the August 1998 lease payment with the district court. Despite Farmway's objection, the district court also allowed the Posts to deposit the January 1999 lease payment with the district court.

In the interpleader action, the Corders alleged that the transfer of the Farmway Elmore County farm to Weitz & Co. violated I.C. § 55–914(1), which prohibits transfers to defraud creditors. Farmway claimed the transfer was made so Weitz & Co. could sell the farm to satisfy the Key Bank loan Farmway had guaranteed for Weitz & Co. in 1994. Since the transfer was allegedly made to satisfy a preexisting creditor, Farmway claimed the transfer was not fraudulent.

The Corders responded to these arguments by pointing out that Farmway received no consideration for the transfer and the lender has since foreclosed on Farmway and Weitz & Co.

The Corders moved for summary judgment, which was granted by the district court and an Amended Order Granting Summary Judgment was entered. The district court subsequently awarded the Posts costs and attorney fees, which were to be deducted from the money deposited with the district court. The district court also awarded the Corders attorney fees. Farmway appealed.

## II.

### STANDARD OF REVIEW

■■■ Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). On review, this Court uses the same standard as the district court and "liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor." *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). If the Court determines reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion will be denied. *Puckett v. Oakfabco, Inc.*, 132 Idaho 816, 820, 979 P.2d 1174, 1178 (1999). If the evidence reveals no disputed issues of material fact, only a question of law remains, and this Court exercises free review. *Sun Valley Potatoes, Inc. v. Rosholt, Robertson, & Tucker*, 133 Idaho 1, 4, 981 P.2d 236, 239 (1999).

## III.

### DISCUSSION

The district judge found that Farmway's transfer of the Elmore County farm to Weitz & Co. was a fraudulent transfer under I.C. § 55–914(1), which provides that:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Farmway argues the district judge erred in finding there was a transfer, the Corders' claim arose before the transfer, Farmway did not receive reasonably equivalent value for the property, and Farmway was insolvent at the time of the transfer. Farmway also contends material issues of fact exist as to whether Farmway received reasonably equivalent value and whether Farmway was insolvent, which should have precluded the grant of summary judgment. We will consider each of Farmway's arguments as they relate to a particular requirement for finding a fraudulent transfer.

### A. The district judge properly found there was a transfer.

■■■ Farmway contends that a transfer is only a transfer "if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer, and the debtor was insolvent as a result of the transfer." Farmway's position is not justified because the term being defined is included in the definition; thus, the definition is circular. Moreover, the Uniform Fraudulent Transfer Act specifically defines the term "transfer." Idaho Code § 55–910(12) defines transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." The definition makes no reference to value or insolvency.

Here, Farmway used a quitclaim deed to convey fee simple ownership of the Elmore County farm to Weitz & Co. The use of a quitclaim deed to convey fee simple ownership in real property is clearly a transfer as defined by I.C. § 55–910(12). Thus, the dis-

trict judge properly found that there had been a transfer.

### B. The district judge properly found the Corders' claim arose before the transfer.

■ Farmway argues that because it guaranteed the Key Bank loan before the Corders' claim arose and the transfer to Weitz & Co. was made in an attempt to satisfy the loan, the Corders' claim did not arise before the transfer. Even if Farmway transferred an interest in the Elmore County farm when it guaranteed the loan, the quitclaim deed represents a new and separate transfer, just as the Post leasehold represents a separate transfer. The timing of each transfer is considered individually. The fact that the new transfer was allegedly made in an attempt to satisfy the pre-existing obligation goes to the question of value, not to the question of timing. Therefore, the district judge properly found that the Corders' claim which was reduced to judgment on January 5, 1998, arose before the Elmore County farm was transferred to Weitz & Co., on February 23, 1998.

### C. The district judge properly found that Farmway did not receive reasonably equivalent value for the property.

■ Farmway contends that material issues of fact exist as to the value of the property and the value received in return for the property, which should have precluded the grant of summary judgment.

The Corders provided the district judge with an affidavit demonstrating the Elmore County farm was estimated by Philip Weitz to have a value of $1.5 million with only $500,000 still owing on the purchase price; Farmway received no cash for the transfer; Key Bank did not have a security interest in the Elmore County farm; and the Key Bank loan was not satisfied. This was sufficient evidence to support the Corders' allegation that a fraudulent transfer had occurred in that Farmway had not received equivalent value for the property.

■ Once the moving party has provided sufficient evidence to support the motion, the party against whom a motion for summary judgment is sought may not merely rest on allegations contained in the pleadings, but must come forward and produce evidence by way of deposition or affidavit to contradict the assertions of the moving party and establish a genuine issue of material fact. I.R.C.P. 56(e); *McCoy v. Lyons*, 120 Idaho 765, 770, 820 P.2d 360, 365 (1991). Such evidence must consist of specific facts, and cannot be conclusory or based on hearsay. *State v. Shama Res., Ltd. P'ship*, 127 Idaho 267, 271, 899 P.2d 977, 981 (1995).

The only relevant statements in the affidavit in opposition to the motion are Philip Weitz's assertions that the property was transferred so that it could be sold to satisfy the Key Bank debt and to shift any tax implications of the sale from Farmway to Weitz & Co. Although a transfer that satisfies an antecedent debt is value as defined by I.C. § 55–912, the debt must actually be satisfied and the value must be reasonably equivalent. Philip Weitz's affidavit admits Farmway did not receive any money for the property, the debt was not satisfied, and Key Bank reduced its loan to a judgment with a right to sell Farmway's real property located in Ada and Canyon counties. Philip Weitz's affidavit says nothing concerning the equivalency of the values. Furthermore, Philip Weitz's assertion that the transfer would shift the tax consequences of any sale to Weitz & Co. is unsupported, conclusory and insufficient to create a genuine issue of material fact.

Since the affidavits submitted by Farmway in opposition to the motion failed to provide any admissible contradictory evidence concerning equivalent value, the district judge properly found there was no genuine issue of material fact that Farmway did not receive equivalent value for the property transferred.

### D. The district judge properly found that Farmway was insolvent at the time of the transfer.

■ The district judge found Farmway was insolvent because it was not generally paying its debts as they came due. *See* I.C. § 55–911(2). Farmway contends a genuine

issue of material fact existed as to Farmway's insolvency, which should have precluded summary judgment. Farmway also argues the judge erred as a matter of law by applying a presumption of insolvency upon finding that Farmway was not generally paying its debts as they came due. Since I.C. § 55–911(2) specifically provides for a presumption of insolvency upon a finding that a party is not generally paying its debts as they become due, we need not discuss Farmway's second contention.

As to the alleged issue of fact, the Corders demonstrated by affidavit that at the time of the transfer, Farmway was not paying certain of its obligations, including the Corders' judgment. In response, Philip Weitz filed his affidavit in which he failed to contradict by any specific admissible evidence the allegations of insolvency. Indeed, in his affidavit, he acknowledged that the Key Bank loan on which Farmway was the guarantor, was not being paid and demand for payment had been made by Key Bank. Therefore, the district judge properly found there was no genuine issue of fact concerning the presumption of insolvency.

Because the district judge properly determined that each element of a fraudulent transfer under I.C. § 55–914(1) was met, we affirm the decision granting summary judgment in favor of the Corders.

### IV.

### ATTORNEY FEES

**A. The district judge properly awarded attorney fees to the Corders.**

The district judge awarded the Corders attorney fees pursuant to I.C. § 12–120(5) and § 12–121. Farmway argues that because the Corders should not have been the prevailing party below, they were not entitled to attorney fees. Since we have upheld the order of the district judge, we also uphold his award of attorney fees to the Corders as the prevailing party.

**B. The Corders are entitled to attorney fees on appeal.**

█ The Corders request attorney fees on appeal pursuant to I.C. § 12–121 and I.C.

§ 12–120(5). Idaho Code § 12–120(5) provides that:

> In all instances where a party is entitled to reasonable attorney fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable post-judgment attorney fees and costs incurred in attempting to collect on the judgment.

In the original action, the Corders were entitled to attorney fees under I.C. § 12–120(3). *See Corder v. Idaho Farmway, Inc.*, 133 Idaho 353, 364, 986 P.2d 1019, 1030 (Ct.App. 1999). The Corders' participation in this interpleader action is a result of their attempt to collect on the judgment in their original suit against Farmway. Therefore, the Corders are entitled to their attorney fees incurred as a result of this appeal.

**C. The district judge properly awarded attorney fees to the Posts.**

The district court awarded the Posts attorney fees out of the rental payments deposited with the court pursuant to I.C. § 5–321. Idaho Code § 5–321 provides in relevant part:

> A person possessing the property who follows the procedure set forth above may insert in his motion for interpleader a request for allowance of his costs and reasonable attorney fees incurred in such action. In ordering the discharge of such party, the court may, in its discretion, award such party his costs and reasonable attorney fees from the amount in dispute which has been deposited with the court. At the time of final judgment in the action, the court may make such further provisions for assumption of such costs and attorney fees by one (1) or more of the adverse claimants.

Beyond noting that the Posts were awarded fees, no meaningful argument was made by Farmway in its brief concerning the award of attorney fees to Posts.

█ "This Court will not consider issues cited on appeal that are not supported by propositions of law, authority or argument." *Bingham v. Montane Res. Assoc.*, 133 Idaho

420, 427, 987 P.2d 1035, 1042 (1999) (citing *Meisner v. Potlatch Corp.*, 131 Idaho 258, 263, 954 P.2d 676, 681 (1998)). Therefore, we will not review the district judge's award of attorney fees to the Posts.

### D. The Posts are awarded attorney fees on appeal pursuant to I .C. § 12–121.

The Posts request attorney fees on appeal pursuant to I.C. § 12–121. An award of attorney fees under I.C. § 12–121 is appropriate where the appeal is brought "frivolously, unreasonably, or without foundation." *Bott v. Idaho State Bldg. Auth.*, 122 Idaho 471, 481, 835 P.2d 1282, 1292 (1992). The Posts' only involvement in this appeal concerns the award of their attorney fees below. On appeal, Farmway did not address the application of I.C. § 5–321 or relevant case law. Farmway made general arguments that applied exclusively to the attorney fees awarded to the Corders and then, in a conclusory manner, asserted that the Posts should not have been awarded attorney fees. Since Farmway provided no cogent challenge to the award of fees to Posts below, we find this appeal to have been brought frivolously against Posts and award them fees on appeal.

### E. Farmway is not entitled to attorney fees on appeal.

Farmway requests attorney fees on appeal, but since it is not the prevailing party, there is no basis for an award of fees.

## V.

## CONCLUSION

The district judge properly found there were no genuine issues of material fact and the Corders were entitled to judgment as a matter of law. The award of attorney fees to the Corders and the Posts below was also appropriate.

The order of the district judge is affirmed. Costs and attorney fees on appeal are awarded to the Corders and Posts.

SCHROEDER, WALTERS, KIDWELL, JJ., and REINHARDT, Justice Pro Tem, concur.