69 P.3d 173

ACTION COLLECTION SERVICE,
INC., Plaintiff–Respondent,

v.

Shelly L. SEELE, fka Shelly L. Calkins,
Defendant–Appellant.

No. 28149.

Court of Appeals of Idaho.

Feb. 5, 2003.

Rehearing Denied March 24, 2003.

Review Denied May 16, 2003.

Shelly L. Seele, Boise, pro se appellant.

Peter D. Shearer, Boise, for respondent.

PERRY, Judge.

Shelly L. Seele appeals from the district court's intermediate appellate decision affirming the magistrate's denial of her motion to vacate and set aside a judgment and to quash a continuing garnishment of her wages. We affirm.

## I.

## FACTS AND PROCEDURE

On March 12, 1992, Action Collection Service, Inc. filed a complaint against Seele and her former husband seeking monetary judgment on a number of uncollected debts that had been incurred by Seele and her husband during their marriage and which were assigned to Action by various creditors.[1] On May 5, an answer was filed bearing the typewritten signature of Shelly L. Calkins.

---

1. Seele's former husband was not a party to the underlying proceedings and is not a party to the

Action thereafter moved for and was granted summary judgment after a hearing at which Seele failed to appear. A judgment was entered in favor of Action in the amount of $1,957.46. Action subsequently attempted to locate Seele in order to collect on the judgment but was unsuccessful. Five years later, on June 18, 1997, Action filed a motion to renew the judgment, which was granted. After the judgment had been renewed, Action located Seele and sent her several notices in an attempt to collect on the judgment to no avail.

In the early part of 2000, Action sought to enforce its judgment by garnishing Seele's wages. Seele, who had remarried since entry of the judgment, presented a claim of exemption. Action thereafter filed a motion to contest Seele's claim of exemption, and Seele filed a motion to vacate and set aside the judgment and to quash the continuing garnishment of her wages. On June 8, the magistrate denied Seele's motion and granted Action's motion to contest Seele's claim of exemption. Seele appealed and the district court affirmed. The district court also awarded costs and attorney fees to Action. Seele now appeals to this Court, asserting that: (1) the original judgment is void because the magistrate did not have personal jurisdiction over her; (2) her motion to vacate and set aside the judgment was timely; (3) the magistrate erred by concluding that her wages could be garnished to satisfy Action's judgment, which consisted of her separate, antenuptial debt; (4) Action unlawfully brought the underlying action against her; (5) her right to due process has been violated; and (5) the award of attorney fees to Action on the intermediate appeal was improper.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the present appeal.

district court's intermediate appellate decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988).

## III.

## ANALYSIS

### A. Motion for Relief From Judgment Under I.R.C.P. 60(b)

#### 1. Validity of the judgment

■ After Action filed its complaint against Seele, Action's attorney sent a packet of default documents to the clerk of the court for filing, unaware that an answer had been filed. Contained within the packet was an affidavit of return executed by a process server on April 21, 1992, in which the process server averred that she had personally served the summons and complaint on Seele at her usual place of abode on April 16, 1992. The packet and, inadvertently, the affidavit of return were sent back to Action's attorney by the clerk of the court with a note stating that an answer had been filed.

In her motion to set aside the judgment and quash the continuing garnishment of her wages, Seele denied that she had been served with the summons and complaint. Seele contended that, because the magistrate did not have proof of service of process at the time the judgment was entered, it lacked personal jurisdiction over her. In opposition to Seele's motion, Action tendered the missing affidavit of return. In addition, Action submitted an affidavit in which the process server averred that she had reviewed her original affidavit regarding return of service and reaffirmed the truthfulness of that document. Also attached to the process server's affidavit were her notes detailing her attempts to serve Seele and Seele's former husband. Those notes reflect that service of process on Seele was accomplished on April 16, 1992. In its order denying Seele's motion, the magistrate found that Seele was served with the summons and complaint on April 16, 1992, and concluded that the absence of the original affidavit of return of service from the court's file until May 2000 did not render the affidavit invalid.

Seele's first contention on appeal is that the judgment obtained by Action is void because the magistrate lacked personal jurisdiction over her. Seele continues to deny that she was personally served with the summons and complaint and asserts, as she did below, that because there was no proof of service at the time the judgment was entered the magistrate lacked personal jurisdiction over her. Seele alternatively claims that the answer bearing her typewritten signature was not a voluntary appearance by her because it was improperly signed and should have been stricken or cured, neither of which occurred.

Idaho Rule of Civil Procedure 60(b) enunciates a variety of grounds upon which relief from a judgment may be obtained. Discretionary relief is permitted, under subsection (b)(1), for mistake, inadvertence, surprise, or excusable neglect. *Knight Ins., Inc., v. Knight,* 109 Idaho 56, 58–59, 704 P.2d 960, 962–63 (Ct.App.1985). However, relief from a void judgment pursuant to subsection (b)(4) is nondiscretionary. *Dragotoiu v. Dragotoiu,* 133 Idaho 644, 647, 991 P.2d 369, 372 (Ct. App.2000). Thus, we exercise free review of this issue on appeal. *Id.*

■ In order for a judgment to be considered void under Rule 60(b)(4), there generally must have been some jurisdictional defect in the court's authority to enter the judgment, either because the court lacked personal jurisdiction or subject matter jurisdiction. *Dragotoiu,* 133 Idaho at 647, 991 P.2d at 372. Additionally, a judgment is void when a "court's action amounts to a plain usurpation of power constituting a violation of due process." *Id.*

■ In the case at bar, there was a factual dispute concerning whether Seele was served with the summons and complaint and the magistrate was required to resolve the dispute before it could determine whether Action's judgment was void. The magistrate found that service of process on Seele was accomplished on April 16, 1992. The magistrate's finding is supported by substantial evidence in the record. The original affidavit of return and the process server's notes indicate that Seele was personally served on April 16, 1992, at an address that Seele has

admitted she lived at on that date. Despite Seele's claims to the contrary, the absence of proof of service from the court file at the time the judgment was entered does not defeat the magistrate's personal jurisdiction over her. It is the fact, not the proof, of service which gives the trial court jurisdiction over the matter. *Workman v. Brown,* 103 Idaho 945, 946, 655 P.2d 462, 463 (Ct.App. 1982). *See also* I.R.C.P. 4(e)(2) ("Personal service within or without the state is complete on the date of delivery."). Accordingly, we conclude that the magistrate had personal jurisdiction over Seele at the time the judgment was entered and, therefore, Seele has failed to establish that the judgment is void. We further conclude that no violation of Seele's right to due process has been shown. Because of our resolution of this issue, it becomes unnecessary for us to address Seele's alternative contention that she did not voluntarily appear before the magistrate by virtue of the answer filed bearing only her typewritten signature. We also need not address Seele's second contention on appeal concerning the timeliness of her motion to set aside the judgment pursuant to Rule 60(b)(4).

## 2. Effect of divorce decree on judgment creditor

■ In the proceedings before the magistrate, Seele asserted that when she divorced her former husband, he was allocated and ordered to pay the debts encompassed by the judgment obtained by Action. Seele argued that Action was bound by the decree of divorce and, consequently, precluded from obtaining a judgment against her. The magistrate did not address the merits of this issue. On appeal, Seele asserts that Action's suit against her to collect the unpaid debts was unlawful.

■ After reviewing the record before us, we decline to address the merits of Seele's argument. When a party is seeking to vacate or set aside a judgment pursuant to Rule 60(b)(1), it is incumbent upon that party not only to meet the requirements of Rule 60(b), but also to show, plead, or present evidence of facts which, if established, would constitute a meritorious defense to the action. *See Ponderosa Paint Mfg., Inc. v. Yack,* 125 Idaho 310, 317, 870 P.2d 663, 670 (Ct.App.1994). In the present case, it is unclear precisely what grounds for relief, other than the judgment being void, Seele asserted in her motion to set aside the judgment and to quash continuing garnishment of her wages because that motion has not been included in the record on appeal. We note that it is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers,* 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App.1997).

The magistrate observed at a hearing on Seele's motion that she was challenging Action's ability to proceed against her by virtue of the division of the community obligations in Seele's previous divorce decree. Such a challenge could conceivably pertain to grounds for relief under Rule 60(b)(1) or (b)(6).[2] However, a motion for relief from a judgment pursuant to these subsections must be made not more than six months after entry of the judgment in question. Rule 60(b). Here, Seele did not seek relief from the judgment until approximately eight years after its entry. Therefore, to the extent Seele asserted a ground for relief under Rule 60(b)(1) or (b)(6) in her motion to vacate and set aside the judgment and to quash continuing garnishment of her wages, such grounds were time-barred. Accordingly, the merits of Seele's defense to Action's motion for summary judgment and the ensuing entry of the judgment against her are not properly before us and will not be considered.

---

**2.** Idaho Rule of Civil Procedure 60(b) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (6) not more than six (6) months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

## B. Motion to Quash Garnishment of Wages

█ In its order denying Seele's motion to vacate and set aside the judgment and quash the continuing garnishment of her wages, the magistrate found that although Seele's wages were community property relative to her remarriage, they were not exempt from execution upon Action's judgment. On appeal, Seele argues that the magistrate erred by concluding that her wages could be used to satisfy Action's judgment because the judgment constituted her separate antenuptial debt.

All property of either a husband or a wife owned before marriage, and that acquired afterward either by gift, bequest, devise or descent, or that which either acquires with the proceeds of his or her separate property, remains his or her sole and separate property. I.C. § 32–903. All other property acquired after marriage by either the husband or the wife, including his or her salary, is community property. I.C. § 32–906; *see Martsch v. Martsch*, 103 Idaho 142, 147, 645 P.2d 882, 887 (1982). The statutes dealing with Idaho's community property system do not directly address the question we are asked to decide. Idaho Code Section 32–910 provides that the separate property of the husband is not liable for the debts of the wife contracted before the marriage. Section 32–911 provides that the separate property of the wife is not liable for the debts of her husband, but is liable for her own debts contracted before or after marriage. However, these statutes provide minimal guidance for the issue presented by Seele because they concern the liability of the separate property of the spouses for debts incurred by the husband or the wife. Conversely, the issue we face here concerns the liability of one spouse's community property upon remarriage for the separate antenuptial debts of that spouse.

Likewise, few Idaho cases have dealt with this particular issue. In *Holt v. Empey*, 32 Idaho 106, 178 P. 703 (1919), the real property of Empey's husband was attached by Holt to satisfy a debt that the husband had incurred as a surety for a third party. Empey intervened in the action, alleging that the property attached was community property and not subject to levy for the separate debt of her husband. The Idaho Supreme Court disagreed, holding that the community property was liable for the separate debts, obligations, and liabilities of the husband and that the community real estate was liable to attachment and execution for the debts of the husband, whether incurred for his own use or for the benefit of the community. It is unclear from the Court's opinion whether the husband's debt was incurred before or during the marriage but, presumably, the community property was liable regardless of whether the debt was antenuptial or postnuptial. *See* JOANN HENDERSON, IDAHO LAW FOUNDTION, COMMUNITY PROPERTY LAW OF IDAHO ch. 9, at 15 (1982).

In *Gustin v. Byam*, 31 Idaho 538, 240 P. 600 (1925), Gustin and her husband lived on land owned by Gustin's father under an arrangement whereby the husband was to farm the land during the year and give one-half of the crops to the father for use of the land. During the marriage, the husband gave a note to his brother secured by a chattel mortgage covering the whole of the crops, including the share of Gustin's father. At the father's insistence, the mortgage was subsequently released by the brother. At around the same time, the brother indorsed the note to a hardware company, which then brought suit to collect on the note. A default judgment was obtained, and the husband's share of the crops was levied upon and sold in order to satisfy the judgment. Gustin filed an action seeking to set aside the judgment and to recover the value of the crops, claiming that the crops were community property and exempt from execution. On appeal from a judgment entered in favor of the defendants, the Idaho Supreme Court noted that at that time, I.C. § 32–912 gave the husband the management and control of the community property, with full power of alienation except as provided in the statute. Among the powers the husband could exercise alone was the sale of community personal property, whether it was exempt from execution or not. Relying on the holding in *Holt*, the Court held that the community property was liable for the separate debts of

the husband as well as for community debts. The Court held that in order to defeat the threatened alienation of the community personal property, Gustin was required to prove that her husband's alienation of the community property was done for the sole purpose of depriving her of her rights in the community property, which she failed to do. Consequently, Gustin was unable to recover the property sold.

Both *Holt* and *Gustin* were decided at a time when the husband was given sole power to manage and control the community property by statute. In 1974, the legislature amended I.C. § 32–912, giving the husband and the wife equal management and control of the community property. *See* 1974 Idaho Sess. Laws ch. 194, § 2. Despite the change in the management and control of the community property and in spite of any doubt concerning the continued vitality of *Holt* and *Gustin,* those cases were cited with approval by our Supreme Court in *Bliss v. Bliss,* 127 Idaho 170, 898 P.2d 1081 (1995). In that case, the Court recognized that parties often marry with separate antenuptial debts. Citing *Holt* and *Gustin,* the Court observed in dicta that the separate antenuptial debts of a husband or wife are payable from community property.

Although the Court in *Bliss* was not presented with the situation facing us in this case, where a judgment creditor is attempting to garnish one spouse's community property wages to satisfy that spouse's separate antenuptial debt, the Court's holding was not limited to the facts of that case and we perceive no reason to do so. To prevent Action from levying against Seele's wages to collect on its judgment and allow Seele to avoid her responsibility for the debts encompassed by Action's judgment would result in marital bankruptcy, particularly if Seele has insufficient separate property to satisfy the

judgment. Hence, although Seele argues to the contrary, she remains responsible for the unpaid debts constituting Action's judgment and her community property wages should not be placed beyond Action's reach to satisfy its judgment.

Further, we must assume that when I.C. § 32–912 was amended in 1974, the legislature had full knowledge of the existing judicial decisions construing that statute's meaning. *See Ultrawall, Inc., v. Washington Mutual Bank,* 135 Idaho 832, 836, 25 P.3d 855, 859 (2001). The elevation of the status of wives to equal managers of the community property by virtue of the amendment, without a specific exemption of the liability of the community property for each spouse's separate debts, suggests that the legislature intended for the rules of law enunciated in *Holt* and *Gustin* to apply equally to the husband and the wife after amendment of the statute. Therefore, just as the community property in those cases was liable for the separate debts of the husband, whether antenuptial or postnuptial, so are Seele's community property wages liable to satisfy Action's judgment. For these reasons, we conclude that Action was entitled to garnish Seele's community property wages in order to collect on its judgment against her and that the magistrate did not err by denying Seele's motion to quash continuing garnishment of her wages.[3]

## C. Costs and Attorney Fees on Intermediate Appeal

■ In its intermediate appellate decision, the district court failed to address a request by Action for attorney fees. Action did not file a memorandum of costs or attorney fees within fourteen days of entry of the district court's decision. However, approximately twenty days after the entry of the

---

3. Seele relies on *Twin Falls Bank & Trust Co. v. Holley,* 111 Idaho 349, 723 P.2d 893 (1986), to support her argument that Action cannot garnish her community property wages. That case is inapposite to the case at bar, however. In that case, the promissory note to the bank was signed only by the husband and, therefore, the husband alone was contractually liable for the debt. Here, Seele does not dispute that she was contractually liable for the debts encompassed by

Action's judgment. In addition, the issue in *Holley* was whether the bank could reach former community property awarded to the wife during the parties' divorce to satisfy the husband's unsecured debt. In this case, Action is not seeking to collect on former community property awarded to Seele. Rather, Action is attempting to garnish Seele's wages which are the community property of Seele and her new husband.

decision, Action petitioned the district court for rehearing on the issue of costs and attorney fees, which was objected to by Seele. After a hearing on Action's petition, the district court granted Action's request and awarded such costs and attorney fees to Action pursuant to I.C. § 12–120(3).

On appeal, Seele contends that the district court erred by awarding costs and attorney fees to Action on the intermediate appeal. Seele does not challenge the basis for the award of costs and attorney fees to Action. Rather, Seele asserts that because Action failed to file a memorandum of costs and attorney fees within fourteen days of the district court's intermediate appellate decision, Action's right to costs and attorney fees was waived.

Pursuant to I.A.R. 41, any party seeking attorney fees on appeal must assert such a claim as an issue presented on appeal in the party's first appellate brief. Once a claim of attorney fees has been presented, the appellate court must include in its decision on appeal a determination of the claimed right to attorney fees. If the court determines that a party is entitled to attorney fees on appeal, the party claiming attorney fees must file a claim concurrently with or as part of the memorandum of costs provided for by I.A.R 40. Pursuant to Rule 40, a memorandum of costs must be filed with fourteen days of the filing and announcement of the appellate court's opinion, regardless of whether a petition for rehearing or review is filed. Implicit in these rules is that a party's entitlement to costs and attorney fees must be determined before the fourteen-day time limit within which to file a memorandum of costs and attorney fees applies.

In the present case, the district court's intermediate appellate decision failed to address whether Action was entitled to costs and attorney fees. Because there was no determination of entitlement, Action was not bound by the fourteen-day time limit to file a memorandum of costs and attorney fees. It was not until Action petitioned for rehearing on the issue of attorney fees and the district court issued its order awarding costs and attorney fees to Action that the fourteen-day time limit became applicable. Seele has not claimed that Action failed to file a memorandum of costs and attorney fees within fourteen days of the filing of that order.

Seele relies on *Western World, Inc. v. Prater,* 121 Idaho 870, 873 n. 4, 828 P.2d 899, 902 n. 4 (Ct.App.1992), to support her proposition that Action was required to file a memorandum of costs and attorney fees within fourteen days from the entry of the district court's intermediate appellate decision. In that case, Western World commenced an action against Prater for collection of an unpaid promissory note. Prater requested that the action be dismissed and that he be awarded costs and attorney fees. Following a bench trial, the trial court determined that the debt had been discharged and that Western World was not entitled to relief. The trial court also determined that Prater was the prevailing party and that he was entitled to recover costs, but not attorney fees. Prater failed to file a memorandum of costs within fourteen days from entry of the judgment. Prater subsequently filed a motion to amend the judgment to allow him to recover attorney fees, which was granted. The trial court concluded that although Prater was the prevailing party and entitled to an award of costs and attorney fees, his claims were waived due to his failure to file a memorandum of costs and attorney fees within fourteen days of the original judgment. On appeal, this Court held that the trial court should have recognized that Prater's right to costs, and an award for attorney fees, would mature anew when the amended judgment was entered reflecting the court's determination that Prater was entitled to an award for fees. In a footnote, this Court limited its holding to the facts presented and stated that its holding was not meant to suggest that where the judgment made no mention of an award of costs or fees, the prevailing party need not file a memorandum of costs and fees until the court ruled favorably on the question of entitlement. Contrary to the position advocated by Seele, however, we are not convinced that the footnote in *Western World* stands for the proposition that a party is *required* to file a memorandum of costs and attorney fees, even where no mention of an award has been made in the judgment, or

risk waiver of the right to collect costs and attorney fees.

We conclude that Action's claim for costs and attorney fees on the intermediate appeal before the district court was not waived by its failure to file a memorandum of costs and attorney fees within fourteen days from entry of the district court's intermediate appellate decision. Rather, the question of Action's entitlement to costs and attorney fees was not determined until the district court issued its order upon Action's petition for rehearing concerning the issue of attorney fees. Action had fourteen days from the entry of that order to file an appropriate memorandum and no claim has been made that Action failed to do so. Accordingly, we have been shown no error with regard to the district court's award of costs and attorney fees to Action on the intermediate appeal.

## D. Costs and Attorney Fees on Present Appeal

■ Action requests costs and attorney fees on the present appeal, asserting that it is entitled to costs and attorney fees pursuant to I.C. § 12–120(1) and (5). Idaho Code Section 12–120(1) provides for a mandatory award of attorney fees to the prevailing party on appeal where the amount pleaded is $25,000 or less. *Downey Chiropractic Clinic v. Nampa Restaurant Corp.*, 127 Idaho 283, 287–88, 900 P.2d 191, 195–96 (1995). Action is the prevailing party on this appeal and the record reveals that the amount pleaded by Action in its complaint was less than the monetary limit provided by the statute.

Idaho Code Section 12–120(5) provides that in all instances where a party is entitled to reasonable costs and attorney fees under the statute, such party shall also be entitled to reasonable post-judgment costs and attorney fees incurred in attempting to collect on the judgment. Therefore, we award Action costs and attorney fees incurred on this appeal pursuant to I.C. § 12–120(1) and (5).

## IV.

## CONCLUSION

We conclude that Seele was served with the summons and complaint in the proceed-ings brought by Action against her. Therefore, we hold that the magistrate had personal jurisdiction over Seele at the time the judgment against her was entered and that Seele has failed to demonstrate that Action's judgment is void. Due to our resolution of this issue, we need not address Seele's alternative contention that she did not voluntarily appear before the magistrate by virtue of the answer filed bearing only her typewritten signature. It is also unnecessary to consider Seele's second contention on appeal concerning the timeliness of her motion to vacate and set aside the judgment pursuant to I.R.C.P. 60(b)(4). We also do not address the merits of Seele's defense to Action's motion for summary judgment and the ensuing entry of the judgment against her because that issue is not properly before us. We further conclude that Action is entitled to garnish Seele's community property wages in order to satisfy its judgment against her. Therefore, we hold that the magistrate did not err by denying Seele's motion to quash continuing garnishment of her wages.

Because there was no determination of Action's entitlement to attorney fees in the district court's intermediate appellate decision, it was not until Action petitioned for rehearing on the issue of attorney fees and the district court issued its order awarding attorney fees to Action that the fourteen-day time limit contained in I.A.R. 40 became applicable. Seele has not claimed that Action failed to timely file a memorandum of costs and attorney fees after entry of that order. Accordingly, there was no error in the district court's award of costs and attorney fees to Action on the intermediate appeal.

Finally, we award costs and attorney fees to Action on the present appeal pursuant to I.C. § 12–120(1) and (5). The order of the district court affirming the magistrate's order denying Seele's motion to set aside the judgment and quash the continuing garnishment of her wages is affirmed.

Chief Judge LANSING and Judge GUTIERREZ concur.