192 P.3d 1110

**ACTION COLLECTION SERVICES, INC., Plaintiff–Appellant,**

v.

**Cindy BIGHAM, Defendant–Respondent.**

No. 34743.

Court of Appeals of Idaho.

June 27, 2008.

Shaun R. Bonney of Shearer & Bonney, P.C., Boise, for appellant.

Cindy Bigham, Meridian, respondent, did not participate on appeal.

PERRY, Judge.

Action Collection Services, Inc. (Action) appeals from the district court's appellate decision affirming the magistrate's order denying Action's motion requesting post-judgment attorney fees and costs. For the reasons set forth below, we reverse the district court's decision and remand for further proceedings consistent with this opinion.

## I.

## FACTS AND PROCEDURE

According to the uncontested facts pled in Action's complaint, Cindy Bigham breached service contracts in 2003, and the service providers assigned Bigham's accounts to Action. Action sent Bigham a written demand for payment. After receiving no response, Action filed a complaint on November 1, 2006, and requested attorney fees and costs pursuant to I.C. §§ 12–120(1) and (3). Bigham did not respond to the complaint. On December 8, 2006, the magistrate entered an order for default judgment in the amount of $1218.69, which included $798.67 for the principle due on the accounts, $61.02 for interest, $93 for costs, and $266 for attorney fees. Action attempted to garnish Bigham's bank account. Action's writ of execution collected $170.58 from Bigham's bank account. Bigham claimed an exemption, however, which Action contested. After a hearing, the magistrate ruled that Bigham was entitled to an exemption as to part of her claim, and Action was entitled to receive $40 from the bank account.[1]

Action then filed a motion requesting post-judgment attorney fees and costs pursuant to I.C. § 12–120(5). Action requested $66.50 in costs incurred for the service of writs of garnishment and $690 in attorney fees incurred in attempting to collect on the judgment. Bigham did not file a response to Action's motion and did not attend a hearing on the motion. The magistrate ruled, however, that post-judgment attorney fees and costs would not be "appropriate" because the "better part of the exemption was sustained." Action filed a motion for reconsideration, arguing that I.C. § 12–120(5) entitled it to post-judgment attorney fees and costs without imposing a requirement that Action be the prevailing party at the exemption hearing. The magistrate denied the motion for reconsideration on the basis that, pursuant to I.C. § 12–120(5), it would not be "reasonable" for Action to recover post-judgment attorney fees.

Action appealed to the district court. Bigham did not contest the appeal, but the district court affirmed the magistrate's denial of Action's request for post-judgment attorney fees and costs. The district court ruled that I.C. § 11–203(b), rather than I.C. § 12–120(5), applied to Action's motion to contest Bigham's claimed exemption. The district court affirmed the magistrate's denial of Action's request for post-judgment attorney fees and costs on the basis that Action was not the prevailing party at the exemption hearing and thus not entitled to fees and costs pursuant to I.C. § 11–203(b). Action again appeals, asserting that it was entitled to post-judgment attorney fees and costs before the magistrate and additionally asserting that it is entitled to attorney fees and costs incurred on intermediate appeal and on this appeal.

## II.

## STANDARD OF REVIEW

█ The Supreme Court has recently altered the standard by which we review a

---

1. The record on appeal does not include the transcript or minutes from the hearing on Bigham's claim of exemption. Action relies on the facts set forth in the district court's appellate decision regarding that hearing, and Bigham has not filed a brief in opposition to Action's appeal. We therefore rely on the district court's appellate decision for factual background regarding that hearing.

decision of the district court acting in its appellate capacity. Rather than directly reviewing the magistrate court's decision independently of, but with due regard for, the district court's decision, we instead directly review the district court's decision. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.; Nicholls v. Blaser*, 102 Idaho 559, 562, 633 P.2d 1137, 1140 (1981).

## III.

## ANALYSIS

### A. Post-judgment Attorney Fees and Costs

The district court determined on appeal that I.C. § 11–203(b) applied to Action's request for post-judgment attorney fees and costs. Action did not cite I.C. § 11–203(b) as a basis for an award of post-judgment attorney fees and costs. Rather, Action cited I.C. § 12–120(5), and the magistrate analyzed the request under that statute. The district court, however, implicitly ruled that I.C. § 11–203(b) precluded Action's request for an award pursuant to I.C. § 12–120(5).

■■■■ When an award of attorney fees depends on the interpretation of a statute, the standard of review for statutory interpretation applies. *Stout v. Key Training Corp.*, 144 Idaho 195, 196, 158 P.3d 971, 972 (2007). The interpretation of a statute is an issue of law over which we exercise free review. *Zener v. Velde*, 135 Idaho 352, 355, 17 P.3d 296, 299 (Ct.App.2000). When interpreting a statute, we will construe the statute as a whole to give effect to the legislative intent. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990); *Zener*, 135 Idaho at 355, 17 P.3d at 299. The plain meaning of a statute will prevail unless clearly expressed legislative

intent is contrary or unless plain meaning leads to absurd results. *Watkins Family*, 118 Idaho at 540, 797 P.2d at 1388; *Zener*, 135 Idaho at 355, 17 P.3d at 299.

■■■■ Section 12–120(5) provides:

In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment. Such attorney's fees and costs shall be set by the court following the filing of a memorandum of attorney's fees and costs with notice to all parties and hearing.

This section provides a basis for an award of reasonable attorney fees and costs incurred during post-judgment attempts to collect on the judgment if the party was entitled to attorney fees and costs under the statute in the underlying proceeding that resulted in the judgment. *See Griff, Inc. v. Curry Bean Co., Inc.*, 138 Idaho 315, 323, 63 P.3d 441, 449 (2003); *Post v. Idaho Farmway, Inc.*, 135 Idaho 475, 479, 20 P.3d 11, 15 (2001); *Action Collection Serv., Inc. v. Seele*, 138 Idaho 753, 760, 69 P.3d 173, 180 (Ct.App.2003). Section 11–203(b) provides that the prevailing party in a hearing on a claim of exemption "may be awarded *costs* pursuant to the Idaho rules of civil procedure." (Emphasis added). This section provides a basis for awarding costs, but not attorney fees, to the prevailing party in the hearing on a claim of exemption. It therefore does not provide the exclusive basis for any award of post-judgment attorney fees as the district court believed. The district court erred to the extent that it ruled that I.C. § 11–203(b) required Action to be the prevailing party at the hearing on the claim of exemption in order to be awarded post-judgment attorney fees and costs under I.C. § 12–120(5).

■■■■ Action asserts that the magistrate should have awarded reasonable post-judgment attorney fees and costs because Action was entitled to attorney fees and costs in obtaining the judgment pursuant to I.C. §§ 12–120(1) and (3). Although the judgment signed by the magistrate does not spe-

cifically cite the statutory provisions under which it awarded Action attorney fees and costs, the judgment presumably relied upon the provisions cited by Action in its complaint as a basis for awarding fees and costs—I.C. §§ 12–120(1) and (3). Idaho Code Section 12–120(1) provides for a mandatory award of attorney fees to the prevailing party where the amount pleaded is $25,000 or less. See Downey Chiropractic Clinic v. Nampa Rest. Corp., 127 Idaho 283, 287–88, 900 P.2d 191, 195–96 (1995); Action Collection, 138 Idaho at 760, 69 P.3d at 180. Idaho Code Section 12–120(3) provides for a mandatory award of attorney fees to the prevailing party in various types of civil actions, including actions to recover on an open account, actions to recover on contracts for the sale of services, and actions arising out of any commercial transaction. See Sainsbury Const. Co., Inc. v. Quinn, 137 Idaho 269, 274, 47 P.3d 772, 777 (Ct.App.2002). Based on the uncontested facts pled in Action's complaint, both of these provisions entitled Action to an award of attorney fees and costs for its successful efforts to obtain the judgment. Thus, I.C. § 12–120(5) entitled Action to reasonable attorney fees and costs incurred in its attempts to collect on the judgment.

In the magistrate's order denying Action's motion for reconsideration, the magistrate ruled that I.C. § 12–120(5) allows the trial court some discretion to determine a "reasonable" post-judgment attorney fee, and that it would not be "reasonable" to award Action any post-judgment attorney fees in "light of the results of the hearing on the claim of exemption." What constitutes a "reasonable" fee is a discretionary determination for the trial court, to be guided by the criteria of I.R.C.P. 54(e)(3). Kelly v. Hodges, 119 Idaho 872, 876, 811 P.2d 48, 52 (Ct.App. 1991). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. Sun Valley Shopping Ctr., Inc. v. Idaho Power Co., 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

A court may not use the award or denial of attorney fees to vindicate its sense of justice beyond the judgment rendered on the underlying dispute, provide indirect relief from an adverse judgment, or penalize a party for misdeeds during the litigation. Eighteen Mile Ranch, 141 Idaho at 720, 117 P.3d at 134; DeWils Interiors, Inc. v. Dines, 106 Idaho 288, 291, 678 P.2d 80, 83 (Ct.App. 1984). Nevertheless, a court need not blindly accept the figures advanced by the attorney and may disallow fees that were unnecessarily and unreasonably incurred. Craft Wall of Idaho, Inc. v. Stonebraker, 108 Idaho 704, 706, 701 P.2d 324, 326 (Ct.App.1985). Thus, although the time and labor actually expended by an attorney is to be considered, it is also to be evaluated under a standard of reasonableness. Daisy Mfg. Co., Inc. v. Paintball Sports, Inc., 134 Idaho 259, 263, 999 P.2d 914, 918 (Ct.App.2000). An attorney cannot spend his or her time extravagantly and expect to be compensated by the party who loses. Id. Hence, a court may disallow fees that were unnecessarily and unreasonably incurred or that were the product of attorney "churning." Id.

Action filed a memorandum in support of its motion for post-judgment attorney fees and costs. Action's memorandum asserted that Action's attorney spent 4.6 hours attempting to garnish Bigham's bank account and contesting Bigham's claim of exemption and that $690 was a reasonable attorney fee for such services. The memorandum also asserted that Action incurred a cost of $66.50 in serving writs of execution. The requested post-judgment attorney fees and costs were therefore incurred during Action's attempt to garnish Bigham's bank account containing $170.58. Those efforts resulted in attachment of only $40. Action asserts that, because Bigham failed to cooperate such that Action could determine which portions of the bank account were exempt prior to the hearing, all of the efforts included in Action's memorandum were reasonable post-judgment attempts to collect on the judgment.

The magistrate appears to have recognized its discretion but acted outside the bounds of its discretion in denying all of the requested attorney fees and costs on the basis that Action only succeeded in attaching $40. Section 12–120(5) does not contain a "prevailing party" standard and does not require a party to completely defeat a claim of exemption in order to be entitled to reasonable attorney fees and costs incurred in post-judgment attempts to collect on a judgment. The question is whether Action acted reasonably in its attempts to collect on the judgment. The statute establishes a policy in favor of compensating a party for reasonable legal expenses incurred in attempts to collect on a judgment when the party was entitled to attorney fees and costs in obtaining the judgment. Although a trial court must not award excessive legal fees incurred as a result of attorney "churning" in efforts to collect on a judgment, the statute requires the trial court to award attorney fees and costs incurred during reasonable attempts to collect on the judgment. Thus, the attorney fees and costs need not be less than the amount of debt due in the judgment or the amount contained in the particular source of funds pursued by the party so long as the efforts to collect are reasonable under the circumstances. Attempting to garnish Bigham's bank account containing $170.58 was a reasonable step in Action's efforts to collect on the judgment of $1218.69. The magistrate erred by denying in its entirety Action's request for post-judgment attorney fees and costs for its reasonable efforts to collect on the judgment by garnishing Bigham's bank account.

We also conclude, however, that the proper amount of post-judgment attorney fees and costs incurred by Action must be determined on remand. The record before us does not contain Bigham's motion claiming an exemption, a transcript of the exemption hearing, or any other evidence to support Action's assertion that Bigham failed to provide information regarding its claimed exemption prior to the hearing on the exemption. The reasonableness of the attorney fees incurred by Action in challenging the claimed exemption turns, in large part, on Bigham's level of cooperation with Action in its attempts to collect on the judgment. On remand, the magistrate must apply the factors discussed above in determining the reasonable amount of post-judgment attorney fees and costs incurred by Action.

**B. Attorney Fees and Costs on Appeal**

Action requests attorney fees and costs on the intermediate appeal and the present appeal. Action cites I.C. § 12–120(5) as the sole basis for an award of attorney fees and costs on intermediate appeal and as a basis for such an award on the present appeal. Action also cites I.C. §§ 12–120(1), and (3) as additional bases for an award of attorney fees and costs in the present appeal.

We have already held that I.C. § 12–120(5) entitled Action to reasonable attorney fees and costs incurred in its post-judgment attempts to collect on the judgment. Idaho appellate courts have relied on I.C. § 12–120(5) as a basis to award attorney fees and costs incurred on appeal as post-judgment attempts to collect on the judgment. *See Post*, 135 Idaho at 479, 20 P.3d at 15; *Action Collection*, 138 Idaho at 760, 69 P.3d at 180. We conclude that Action's intermediate appeal to the district court and its present appeal were reasonable, post-judgment attempts to collect on the judgment. Thus, Action is entitled to reasonable attorney fees and costs incurred on intermediate appeal and on the present appeal pursuant to I.C. § 12–120(5).

Additionally, we have already held that I.C. §§ 12–120(1) and (3) entitled Action to an award of attorney fees before the magistrate in its efforts to obtain the judgment. The mandatory attorney fee provisions of I.C. § 12–120 govern on appeal as in the trial court. *Sainsbury Cons.*, 137 Idaho at 275, 47 P.3d at 778. The statute applies if the appeal is concerned with the entitlement to an award below. *Id.* Action's appeal concerns its entitlement to an award in the trial court. Although Action did not prevail on intermediate appeal, Action has prevailed on this appeal. Thus, Action is also entitled to attorney fees incurred in the present appeal pursuant to I.C. §§ 12–120(1) and (3).

## IV.

## CONCLUSION

The district court erred when it ruled on intermediate appeal that I.C. § 11–203(b) precluded Action's request for post-judgment attorney fees and costs. The magistrate erred by denying Action's motion for post-judgment attorney fees and costs pursuant to I.C. § 12–120(5). Therefore, the order of the district court, on intermediate appeal, is reversed. On remand, the magistrate must apply the factors discussed in this opinion to award Action reasonable, post-judgment attorney fees and costs. Action is also awarded reasonable attorney fees and costs incurred on intermediate appeal and the present appeal.

Chief Judge GUTIERREZ and Judge LANSING concur.

