Alfred J. BIANCO, as Plan Administrator to the Estate of Gaston & Snow est Gaston & Snow, Plaintif—Appellee,

v.

Robert A. ERKINS; et al., Defendants—Appellants,

Gregory Todd Erkins; et al., Defendant–intervenors— Appellants.

Alfred J. Bianco, as Plan Administrator to the Estate of Gaston & Snow est Gaston & Snow, Plaintiff—Appellee,

v.

Marla Goss; et al., Defendant– intervenors—Appellants.

Alfred J. Bianco, as Plan Administrator to the Estate of Gaston & Snow est Gaston & Snow, Plaintiff—Appellee,

v.

Robert A. Erkins; et al., Defendants— Appellants,

and

Gregory Todd Erkins; et al., Defendant—intervenors.

Nos. 02–35909, 02–35910, 02–35932.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2009.

Filed Aug. 6, 2009.

**330**

Dale G. Higer, Esq., J. Walter Sinclair, Esq., Curtis D. McKenzie Fax, Stoel Rives LLP, Boise, ID, for Plaintiff–Appellee.

William L. Mauk, Esq., Skinner, Fawcett & Mauk, Boise, ID, for Defendant—Appellant.

H. James Magnuson, Esq., William L. Mauk, Esq., D'Alene, ID, for Defendant–Intervenor–Appellant.

Before: WARDLAW, PAEZ, and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Robert A. and Bernardine Erkins (the Erkins) and their adult children appeal the district court's (1) denial of their Motion to Set Aside the U.S. Marshal Sale for inadequate notice, (2) imposition of attorney fees and costs, and (3) contempt ruling against Robert Randolph Erkins. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

1. We review a district court's denial of a motion to set aside a U.S. Marshal's sale for abuse of discretion. *Bank of America, NT & SA v. PENGWIN,* 175 F.3d 1109, 1118 (9th Cir.1999) (citation omitted). Reviewing for abuse of discretion, we affirm the district court.

■ Notice is constitutionally adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Dusenbery v. United States,* 534 U.S. 161, 168, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (quotation and citation omitted). Prior to the hearing, execution proceedings and scheduled sale, the Erkins children filed an Expedited Motion for Rule 62(f) Stay requesting the court to stay the Marshal's sale of the personal property. Having acknowledged that they received actual notice of the intended sale of the personal property, the Erkins children received constitutionally adequate notice of the sale.

Notice is adequate under Idaho Code § 11–302(2) "by publishing a copy thereof at least one (1) week, and not more than two (2) weeks, in a newspaper published in the county, if there be one." The notice of the U.S. Marshal's sale was published in the Idaho Statesman on February 4, 2002. The statute is clear and unambiguous.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Under the statute, notice need not be published *daily,* and it need not be published for more than two weeks. Therefore, such notice was adequate under Idaho law.

Rule 5(b) of the Federal Rules of Civil Procedure governs the serving and filing of pleadings and other papers. *See* Fed. R.Civ.P. 5. Rule 69, however, governs the execution of a judgment. *See* Fed.R.Civ.P. 69. Rule 69 provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Therefore, the procedures to be followed when applying for and serving a writ of execution are governed by Rule 69 and service under Rule 5(b) was not required. The district court therefore did not abuse its discretion in denying the Erkins's motion to set aside the sale.

2. We review for an abuse of discretion both the district court's award of costs, *see Dawson v. Seattle,* 435 F.3d 1054, 1070 (9th Cir.2006) and attorneys' fees, *see Johnson v. Columbia Prop. Anchorage, LP,* 437 F.3d 894, 898 (9th Cir.2006). We review de novo the court's authority to award costs, *see United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 968 (9th Cir.1999), and the question whether a state statute permits attorneys fees, *see O'Hara v. Teamsters Union Local No. 856,* 151 F.3d 1152, 1157 (9th Cir.1998). The district court concluded that under Idaho Code §§ 12–120(3) and (5), Bianco was entitled to $160,486.13 in attorney fees from the Erkins parents, $19,835.37 in attorney fees from the Erkins children, and $82,168.83 in costs from the Erkins.

■ The Erkins's first contend that Bianco's request for fees was untimely. We disagree. Idaho Code § 12–120, the statute pursuant to which Bianco sought fees, does not address the time within which a motion for postjudgment fees must be filed. More importantly, Bianco sought an award for postjudgment attorneys' fees and costs incurred in attempting to collect on a judgment, not an award of fees as a prevailing party that would be subject to the federal or local rules requiring that requests be made within fourteen days. *See* Fed.R.Civ.P. 54(d)(2). We agree with the district court that under the circumstances of this case, Bianco's motion for an award of attorneys' fees was not time-barred.

Second, the Erkins contend that, under Idaho Code § 12–120(5), Bianco is not entitled to attorneys' fees incurred in postjudgment disputes with the Erkins parents. Again, we disagree. Adopting the interpretation of § 12–120(5) suggested by the Erkins would contravene the language and purpose of the statute, which makes clear that judgment creditors may recover attorneys' fees incurred in collecting on a judgment when fees were awarded in the underlying action for collection on an account.

We are persuaded, however, by the Erkins's third argument, which is that § 12–120 did not authorize the award of attorneys' fees against the Erkins children because these fees were incurred defending against a third-party claim pursuant to Idaho Code § 11–203. Fees incurred in the proceeding to determine whether the personal property that Bianco seized, and sought to sell, rightfully belonged to the Erkins children—and therefore could not be used to satisfy the judgment against the Erkins parents—involved a third-party action that asserted rights not at issue in the underlying action. Thus, these fees were not incurred in "attempting to collect on the judgment" under § 12–120. Moreover, the language and purpose of Idaho

Code § 11–203, which expressly addresses third-party rights to property levied under a writ of execution, makes no mention of fees—only costs. We therefore decline to adopt the district court's broad reading of §§ 12–120(3) and (5), reverse the district court's award of fees against the Erkins children, and remand so that the court may correct the judgment.

■ 3. We look to the intended effects of a court's punishment to determine the nature of a contempt proceeding. *United States v. Powers*, 629 F.2d 619, 626 (9th Cir.1980). "If the purpose [of the contempt order] is to punish a past violation of a court order, the contempt is criminal." *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 790 (9th Cir.1989). The district court found Robert Randolph Erkins in contempt for violating an order of the court and imposed a $5,000 sanction. This sanction is punitive, seeks to vindicate the authority of the court, and does not terminate upon compliance with the court's order. Therefore, the court's finding of contempt is criminal in nature. *See Powers*, 629 F.2d at 627. Because the district court's contempt finding was criminal in nature, it was required to comply with the procedural requirements of Rule 42 of the Federal Rules of Criminal Procedure. *See id.* at 624. The district court failed to follow the Rule 42 procedures. Therefore, we reverse the district court's contempt finding and the imposition of the $5,000 sanction.

The parties shall each bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

N.R. SMITH, dissenting only as to Part 2 of the Memorandum:

The district court did not err in awarding Bianco attorneys' fees against the Erkins children. Rule 54(e)(1) of the Idaho Rules of Civil Procedure provides "[i]n any civil action the court may award reasonable attorney fees ... when provided for by any statute or contract." Idaho Code Section 12–120 provides that "[i]n any civil action to recover ... in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as *cost*." Idaho Code § 12–120(3) (emphasis added). Section 12–120(5) "provides a basis for an award of reasonable attorney fees and costs incurred during post-judgment attempts to collect on the judgment if the party was entitled to attorney fees and costs under the statute in the underlying proceeding that resulted in the judgment." *Action Collection Servs., Inc. v. Bigham*, 146 Idaho 286, 192 P.3d 1110, 1113 (Idaho Ct.App.2008) (citations omitted). Because (1) Bianco was entitled to the attorneys' fees in bringing this action and in collecting on the judgment and (2) the children caused Bianco to incur the fees in collecting on the judgment, Bianco is entitled to recover from the Erkins children under Section 12–120(5).

The majority construes Section 11–203 to preclude an award of attorneys' fees in this collection of a judgment for a commercial transaction. I disagree and so does the Idaho Court of Appeals. As the majority accurately states, Section 11–203, which addresses third-party rights to property levied under a writ of execution, provides for an award of costs pursuant to the Idaho Rules of Civil Procedure. Idaho Code § 11–203(b). Section 11–203 "does not [, however,] provide the exclusive basis for any award of post-judgment attorney fees." *Action Collection Servs., Inc.*, 192 P.3d at 1114.

Because the Erkins children chose to intervene and make an unsuccessful claim

on the seized property, they caused Bianco to incur attorneys' fees. Section 12–120 provides for the award of fees in such a case. Idaho Code § 12–120(5).

I can hardly agree with the majority, when they prohibit an award of fees from those parties intervening a collection action resulting from a commercial transaction (therefore causing the rightful collecting parties to incur additional fees). By such decision, they encourage debtors to secrete their assets to third parties so the third parties can then challenge ownership without being accountable for attorneys' fees. The facts indicate that is exactly what happened here. I cannot agree with such a result.