N.R. SMITH,
dissenting only as to Part 2 of the Memorandum:
The district court did not err in awarding Bianco attorneys’ fees against the Er-kins children. Rule 54(e)(1) of the Idaho Rules of Civil Procedure provides “[i]n any civil action the court may award reasonable attorney fees ... when provided for by any statute or contract.” Idaho Code Section 12-120 provides that “[i]n any civil action to recover ... in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney’s fee to be set by the court, to be taxed and collected as cost.” Idaho Code § 12-120(3) (emphasis added). Section 12-120(5) “provides a basis for an award of reasonable attorney fees and costs incurred during post-judgment attempts to collect on the judgment if the party was entitled to attorney fees and costs under the statute in the underlying proceeding that resulted in the judgment.” Action Collection Servs., Inc. v. Bigham, 146 Idaho 286, 192 P.3d 1110, 1113 (Idaho Ct.App.2008) (citations omitted). Because (1) Bianco was entitled to the attorneys’ fees in bringing this action and in collecting on the judgment and (2) the children caused Bianco to incur the fees in collecting on the judgment, Bianco is entitled to recover from the Erkins children under Section 12-120(5).
The majority construes Section 11-203 to preclude an award of attorneys’ fees in this collection of a judgment for a commercial transaction. I disagree and so does the Idaho Court of Appeals. As the majority accurately states, Section 11-203, which addresses third-party rights to property levied under a writ of execution, provides for an award of costs pursuant to the Idaho Rules of Civil Procedure. Idaho Code § ll-203(b). Section 11-203 “does not [, however,] provide the exclusive basis for any award of post-judgment attorney fees.” Action Collection Servs., Inc., 192 P.3d at 1114.
Because the Erkins children chose to intervene and make an unsuccessful claim *333 on the seized property, they caused Bianco to incur attorneys’ fees. Section 12-120 provides for the award of fees in such a case. Idaho Code § 12-120(5).
I can hardly agree with the majority, when they prohibit an award of fees from those parties intervening a collection action resulting from a commercial transaction (therefore causing the rightful collecting parties to incur additional fees). By such decision, they encourage debtors to secrete their assets to third parties so the third parties can then challenge ownership without being accountable for attorneys’ fees. The facts indicate that is exactly what happened here. I cannot agree with such a result.