633 P.2d 1137

**David G. NICHOLLS, d/b/a Northwest Pump Company, Plaintiff-Counterdefendant-Respondent,**

**v.**

**Albert BLASER, Bruce W. Blaser, Ruth L. Blaser and Annalee H. Blaser, Defendants-Counterclaimants-Appellants.**

**Dave NICHOLLS, d/b/a Northwest Pump Co., a sole proprietorship, Plaintiff-Counterdefendant-Respondent,**

**v.**

**Albert E. BLASER, Defendant-Counterclaimant-Appellant.**

No. 13189.

Supreme Court of Idaho.

June 16, 1981.

Rehearing Denied Oct. 5, 1981.

Jon Wyman, Boise, for defendants-counterclaimants-appellants.

E. C. Rood, Emmett, for plaintiff-counterdefendant-respondent.

PER CURIAM.

This is an appeal from the judgment of the district court which affirmed a judgment entered following trial in the magistrate court. We affirm.

We believe that the only substantial question before this Court is the appropriate standard of review by the Supreme Court of a judgment entered by a district court after it has sat as an appellate court reviewing on the record a judgment entered following trial at the magistrate level.

Our previous decisions involving appeals from district courts which have acted as courts of appeal from decisions of magistrate courts do not set forth a clear standard of review to be utilized by the Supreme Court. We deem the appropriate standard of review at the Supreme Court level to be: The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *See State v. Holt,* 102 Idaho 44, 625 P.2d 398 (1981) (Bistline, J., dissenting).

Defendant-appellant Blaser and plaintiff-respondent Nicholls entered into an oral agreement under which Nicholls was to install a pump and the necessary incidentals thereto in a previously existing well located on Blaser's development property in Garden Valley, Idaho.

Blaser refused to pay for the work done by Nicholls and Nicholls filed a notice of claim of lien on lots 39 and 40 of the Garden Valley Summer Homesites and later initiated the instant action to foreclose the said lien and recover attorney fees. Blaser counterclaimed alleging that the agreement had not been performed in a good and workmanlike manner and that Nicholls wrongfully and maliciously filed the lien.

Following trial at the magistrate court level, that court found that Nicholls was hired to install the pump, that no exact price was fixed therefor, that Blaser approved the list of proposed materials and left the installation to Nicholls' expertise, that Nicholls was given discretion to substitute materials, that Nicholls was not negligent, that Nicholls installed the pump in a good and workmanlike manner and that a reasonable charge for the goods and services was $1,269.99. That court further found that Nicholls' work improved the value of the property, that Blaser had paid nothing for the work and that there was no evidence of malicious acts on the part of Nicholls. That court then concluded that Blaser was indebted to Nicholls in the amount of $1,269.99 plus interest, that Nicholls had a valid lien on lot 39 in that amount and that there was no basis for any of Blaser's counterclaims. That court, pursuant to I.C. § 12–121, also awarded attorney fees to Nicholls.

Judgment was entered by the magistrate court and Blaser appealed to the district court. The district court, pursuant to I.R.C.P. 83(u)(1), reviewed the case on the record made in the magistrate court and affirmed. The district court further awarded additional attorney fees in the amount of $1,250, stating that it believed the appeal was pursued unreasonably because two of the counterclaims were frivolous and the third counterclaim and the defense to the action bordered on being frivolous.

On appeal to the Supreme Court, Blaser contends that the findings of the magistrate court as to the terms of the agreement and the sufficiency of Nicholls' performance are not supported by the record. We disagree. On appeal to the district court, that court's opinion cited specific testimony which supported the findings of the magistrate court. The district court, sitting as an appellate court, correctly ap-

plied the rule that findings of fact based on substantial and competent, albeit conflicting, evidence will not be set aside on appeal. *State v. Christensen*, 100 Idaho 631, 603 P.2d 586 (1979); *Hawkins v. Hawkins*, 99 Idaho 785, 589 P.2d 532 (1978); I.R.C.P. 52(a), 83(u)(1). This Court has also independently reviewed the record made in the magistrate court and we find that the magistrate's findings are supported by substantial, although conflicting, evidence. We therefore, as a procedural matter, affirm the district court's decision affirming the magistrate's decision.

██ Blaser also asserts that both the magistrate court and the district court erred in awarding attorney fees to Nicholls. We disagree. The trial court was authorized pursuant to I.C. § 12–121 to award reasonable attorney fees to the prevailing party. The record before us discloses no abuse of the magistrate's discretion in so awarding attorney fees to Nicholls. A district court reviewing an appeal from a magistrate court, not involving a trial de novo, should determine the question of attorney fees on appeal, employing the same standards as we apply in awarding attorney fees on appeal to the Supreme Court. *See Futrell v. Martin*, 100 Idaho 473, 600 P.2d 777 (1979); *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979); I.C. § 12–111; I.R.C.P. 83(u)(1). As aforesaid, the district court expressed its belief that the counterclaim to and the defense of the action were frivolous and that the appeal was pursued without foundation. We find no error in the district court's decision to award attorney fees at that level of appeal.

██ Further, on this appeal we are left with the abiding belief that the appeal was brought and pursued frivolously and without foundation. *See Futrell v. Martin, supra; Minich v. Gem State Developers, supra*; I.C. § 12–121. Hence, attorney fees on appeal to this Court are awarded to respondent.

The judgment of the district court which affirmed the judgment of the magistrate is affirmed. Costs and attorney fees to respondent.