# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 36500

MEDICAL RECOVERY SERVICES, LLC,
an Idaho limited liability company,

        Plaintiff-Appellant,

v.

BILLY M. CARNES,

        Defendant-Respondent.

2010 Opinion No. 20

Filed: March 25, 2010

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge; Hon. Steven A. Thomsen, Magistrate

District court's appellate decision reversing magistrate court's order denying motion for return of money, <u>reversed</u>, and case <u>remanded</u>.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for appellant. Bryan N. Zollinger argued.

Kenneth E. Lyon, Jr., Pocatello, for respondent.

---

LANSING, Chief Judge

This appeal arises from Billy M. Carnes's motion to return the money that he gave, during a judgment debtor examination, to Medical Recovery Services, LLC (MRS). The magistrate denied Carnes's motion, but the district court reversed and remanded for further factual determinations and awarded Carnes attorney fees. On appeal, MRS argues that the district court erred in reversing the decision of the magistrate court because substantial and competent evidence supports the magistrate's findings and the district court misapplied the law.

## I.

## BACKGROUND

MRS brought an action against Carnes to collect an unpaid bill for medical services. After Carnes filed an answer pro se, MRS moved for summary judgment. Carnes did not respond to the motion and, after a hearing at which Carnes did not appear, the magistrate court

1

granted MRS's motion and awarded it attorney fees and costs. In MRS's subsequent attempt to collect on this judgment, it obtained an order for a judgment debtor examination. Carnes appeared for the examination, and at the outset of that proceeding the magistrate made the following comments:

> Mr. Carnes, apparently there's been a writ of execution served that came back unsatisfied. And pursuant to the statute and rule, counsel for the plaintiff has the opportunity today to examine you concerning your assets and that means everything even the mint in your pockets. Okay? So he will ask you questions. I'm going to leave the courtroom and we'll leave the record running, so he will be able to examine you; ask you about what you own; ask you about what you have and if he wants to see what's in your wallet, you're going to show him. Okay?

In the course of the examination that followed, upon discovering that Carnes had money in his wallet, MRS's attorney told Carnes:

> I need to have you turn that over to me and we'll apply it to your judgment. If you don't want to do that we can wait. The judge is in a hearing right now and we'll ask him to order you to do it, so, the choice is yours.

After some discussion, Carnes gave the money to MRS's attorney.

Thereafter, MRS made a motion for supplemental attorney fees. Carnes, through a newly acquired attorney, filed an "Objection to Application for Award of Supplemental Attorney Fees, Motion for Trial, and Motion to Return Money Wrongfully Taken by Plaintiff's Attorney from the Defendant." Carnes subsequently withdrew the objection to the attorney fees and the motion for trial, but pursued his motion to return the money given to MRS's attorney at the debtor examination. Although Carnes did not dispute the validity of the underlying judgment, he argued that because MRS's attorney knew or should have known that the money taken was exempt from execution under several Idaho statutes, the attorney's instruction to Carnes to turn over the money was wrongful. The magistrate court denied the motion for return of the funds, holding that Carnes voluntarily gave the money to MRS's attorney.

Carnes appealed to the district court, which held that the magistrate's finding of voluntary payment was not supported by substantial and competent evidence. The district court reasoned that because neither the judge nor MRS's attorney had informed Carnes of his potential exemption rights, Carnes's payment could not have been voluntary because he did not have "knowledge of all the facts." Additionally, the district court found that both the magistrate judge and MRS's attorney intimidated and unduly influenced Carnes at the examination. Because of this, the district court vacated the magistrate's order and remanded the case to the magistrate

2

court to determine whether the money had been exempt from execution. The district court also awarded attorney fees to Carnes as the prevailing party pursuant to Idaho Code § 12-120(3).

MRS appeals from the district court's decision. MRS argues that the district court erred in reversing the magistrate's decision because substantial and competent evidence supports the finding that Carnes's payment was voluntary. MRS also argues that the district court erred in applying Idaho's exemption laws because they were not applicable where there had been no court order to pay the money. MRS also seeks a reversal of the district court's award of attorney fees to Carnes and requests an award of its attorney fees and costs incurred in both the intermediate and present appeal.

## II.

## ANALYSIS

### A.  Did the District Court Err by Reversing the Magistrate's Finding that Carnes Paid Voluntarily and by Utilizing Inapplicable Law in its Decision?

In an appeal from a decision of the district court rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981). We examine the record before the magistrate, however, to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id*. Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. *Bradford v. Roche Moving & Storage, Inc.*, 147 Idaho 733, 736, 215 P.3d 453, 456 (2009); *Carter v. Carter*, 143 Idaho 373, 378, 146 P.3d 639, 644 (2006); *Bouten Const. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 761, 992 P.2d 751, 756 (1999).

The questions presented here center on application of the voluntary payment rule. Under that rule, a person may not--by way of set-off, counterclaim, or direct action--recover money that he or she voluntarily paid with full knowledge of all the facts and without any fraud, duress or extortion, although no obligation to make such payment existed. *Breckenridge v. Johnston*, 62 Idaho 121, 133, 108 P.2d 833, 838 (1940); *Chinchurreta v. Evergreen Management Inc.*, 117 Idaho 591, 593, 790 P.2d 372, 374 (Ct. App. 1989); *McEnroe v. Morgan*, 106 Idaho 326, 335, 678 P.2d 595, 604 (Ct. App. 1984). Therefore, money voluntarily paid in satisfaction of an unjust or illegal demand with full knowledge of the facts, and without any mistake, fraud, duress, or extortion, cannot be recovered by the payor. *Breckenridge*, 62 Idaho at 133, 108 P.2d at 838.

3

Carnes maintains that his payment was involuntary because he delivered the money to MRS's attorney without knowing that it was exempt from execution under certain Idaho statutes. He relies upon I.C. § 11-506, which provides, "The judge . . . may order any . . . property of a judgment debtor not exempt from execution . . . to be applied toward the satisfaction of the judgment," and upon statutes exempting various categories of property from execution, I.C. §§ 11-603(3) (exempting federal social security and veteran's benefits), 11-604A(3) (exempting employee benefits such as pensions, retirement allowances, and disability allowances), and 11-605(10) (exempting an interest in tangible personal property not to exceed $800). The district court accepted Carnes's argument, holding that Carnes had shown his payment was involuntary.

We conclude that the district court erred. First, to the extent that the district court held that MRS's attorney violated I.C. § 11-506 by demanding the cash in Carnes's pocket, the court's interpretation of the statute was incorrect. Section 11-506 applies only to preclude a judge from ordering payment from the protected classes of funds. It does not forbid a creditor from requesting such payment. As the magistrate here did not order Carnes to pay, I.C. § 11-506 was not implicated and the exemption statutes were not violated.

Second, Carnes's unawareness of the exemption statutes did not render his payment involuntary. As the *Bradford*, *Carter*, and *Bouten Const.* decisions indicate, the rule disallowing recovery of voluntary payment does not operate if the payment was made without full knowledge of all the *facts*; lack of knowledge concerning the law, however, does not render a payment involuntary. *Cf. Powers v. Canyon County*, 108 Idaho 967, 970, 703 P.2d 1342, 1345 (1985) ("Our entire legal system is based upon the principle that persons are charged with constructive knowledge of the statutes and laws."); *Breckenridge*, 62 Idaho at 127-34, 108 P.2d at 835-38 (holding that where a county paid interest on an overdue bond in reliance on a statute that did not authorize such payment, the county could not recover the interest already paid because the payment was voluntary even though the county was mistaken in its understanding of the law); *Indep. Sch. Dist. No. 6 of Caribou County v. Mittry*, 39 Idaho 282, 285, 226 P. 1076, 1076 (1924) ("The rule that voluntary payments made by reason of mistake of law cannot be recovered applies to individuals . . ."). Carnes was aware of the relevant facts but claims to have been unaware only of Idaho statutes exempting certain types of property from execution by judgment creditors. Carnes has shown only a lack of knowledge concerning the law and its application, which is insufficient to exclude his payment from the voluntary payment rule.

4

Nor has Carnes shown that his payment was induced by duress. Although we acknowledge that Carnes's payment may not seem "voluntary" in the common usage of the word, "voluntary" for purposes of the voluntary payment rule has a narrower legal meaning. As explained above, payment is voluntary unless there was mistake of fact, duress, fraud, or extortion. *Breckenridge*, 62 Idaho at 133, 108 P.2d at 838; *Chinchurreta*, 117 Idaho at 593, 790 P.2d at 374; *McEnroe*, 106 Idaho at 335, 678 P.2d at 604. Duress, coercion, or compulsion has been found when the payor made the payment on an unjust demand in order to prevent being deprived of an immediate and extreme necessity. *Gess v. Nampa & Meridian Irrigation Dist.*, 33 Idaho 189, 195, 192 P. 474, 476 (1920). Payment is also considered coerced "when it is made to avoid the loss of a necessity or to prevent an injury to a person, business, or property that is different from and disproportionately greater than the unlawful demand." *Randazzo v. Harris Bank Palatine, N.A.*, 262 F.3d 663, 667 (7th Cir. 2001). Duress does not occur, however, merely because a person declares an intent to use the courts to pursue a legal right to which he reasonably believes he is entitled absent other oppressive circumstances. Thus, in *McGill v. Idaho Bank & Trust Co.*, 102 Idaho 494, 499, 632 P.2d 683, 688 (1981) the Idaho Supreme Court held that the threat of civil proceedings does not constitute duress if made in good faith and without other oppressive circumstances. Other states are in accord. *See Adams v. Crater Well Drilling, Inc.*, 556 P.2d 679, 681 n.6 (Or. 1976) ("It is the well-established general rule that it is not duress to institute or threaten to institute civil suits, or take proceedings in court, or for any person to declare that he intends to use the courts wherein to insist on what he believes to be his legal rights."); *Hawkinson v. Conniff*, 334 P.2d 540, 544 (Wash. 1959) ("[A] threat of civil proceedings does not constitute duress if it is made in good faith and without coercion.").

In this case, the district court held that Carnes's payment was involuntary because the debtor examination had "an element of intimidation and undue influence" as Carnes was "subject to intimidation by the judge's demands that he reveal the contents of his pockets and his wallet and the insistence by the Plaintiff's attorney that the judge could 'order' him to hand over all of his money." However, the fact that legal proceedings can be intimidating does not amount to such coercion or duress as would render payment involuntary. The magistrate committed no error and applied no duress by informing Carnes that he was required to answer all of MRS's counsel's questions concerning his assets. Although the magistrate could have used more friendly terminology, informing Carnes that he would need to answer questions concerning even

"the mint in [his] pockets" is not duress or coercion. The magistrate never instructed Carnes that he would need to deliver anything to MRS's attorney on that date and specifically told Carnes, "[MRS's counsel's] job [is] to ask the questions and your job is to answer." The magistrate's comments were in the nature of an explanation of the debtor examination process and of the judgment creditor's right to discover all of Carnes's assets. Any element of intimidation in the magistrate's comments are attributable primarily to the nature of the proceeding itself, which was an effort by a creditor to collect a valid judgment that had not been satisfied. Because threats to use the courts to enforce a legal right do not amount to duress, there was no duress or coercion in the statement of MRS's attorney that he would seek a court order if Carnes did not relinquish the money. There is no meaningful distinction between this situation and one where a creditor's attorney sends a demand letter to a debtor threatening to institute a collection action if a debt is not paid. Although Carnes may have delivered the money reluctantly, the evidence does not show that he did so involuntarily in the legal sense of the word.

The district court also erred in holding that MRS's attorney had a duty to advise Carnes of his potential exemption rights.[1] Neither the district court nor Carnes cite any authority for recognition of such a duty.[2] Indeed, such an advisement likely would have been a violation of the attorney's professional and ethical obligations. Idaho Rule of Professional Conduct 4.3 directs that a "lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the

---

[1]    Carnes's argument, and the district court's assumption, that MRS's attorney knew or should have known that the exemptions were applicable is not supported by the record. Although at the debtor examination Carnes did indicate his only *current* source of income was disability benefits, veteran's assistance, and social security, he also stated he had been saving the money in his wallet for a year and that he had worked up until about four months prior to the examination. Thus, the source of the savings could have been from wages earned while Carnes was employed and not exempt under any of the statutes cited.

[2]    Carnes does cite to I.C. § 28-1-203, which is part of Idaho's Uniform Commercial Code, to support an argument that MRS's attorney was under an obligation of good faith and fair dealing to notify Carnes of any potential exemption rights. However, the Uniform Commercial Code, which applies only to the sale of goods, negotiable instruments, bank deposits and collections, letters of credit, documents of title, investment securities, secured transactions, and leases, is inapplicable to either the underlying contract for medical services or the instant proceeding to collect on a judgment. I.C. tit. 28, ch. 1-12.

6

client." To the extent that Carnes contends that the magistrate was obligated to inform Carnes of his exemption rights, Carnes again cites no authority. A party waives an issue on appeal if either argument or authority is lacking, *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). The fact that Carnes was then acting pro se did not vest him with a right to receive legal advice from either the opposing attorney or the magistrate court. In Idaho, pro se litigants are held to the same standards as attorneys. *Huff v. Singleton*, 143 Idaho 498, 500, 148 P.3d 1244, 1246 (2006); *Everhart v. Washington County Road & Bridge Dep't*, 130 Idaho 273, 275, 939 P.2d 849, 851 (1997); *Schneider v. Curry*, 106 Idaho 264, 267, 678 P.2d 56, 59 (Ct. App. 1984).

Accordingly, we conclude that the magistrate did not err in its determination that Carnes's payment was unrecoverable under the voluntary payment rule, and we therefore reverse the decision of the district court.

**B.      Attorney Fees and Costs for the Intermediate and Present Appeals**

The district court awarded attorney fees and costs to Carnes on the intermediate appeal. Because we have held that the district court erred in reversing the magistrate's decision, Carnes is no longer the prevailing party and the district court's award of fees and costs must, accordingly, be reversed.

MRS requests an award of attorney fees incurred for the intermediate appeal and the present appeal pursuant to I.C. §§ 12-120(1), (3) and (5). We conclude that MRS is entitled to such an award under I.C. §§ 12-120(3) and (5), and therefore we do not address its claim under § 12-120(1). Idaho Code § 12-120(3) mandates an award of reasonable attorney fees to the prevailing party in any civil action to recover on a contract for services. Section 12-120(5) states that "[i]n all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment." Here, MRS is the prevailing party in an action to collect on a contract for provision of medical services, so it was entitled to an award of attorney fees under I.C. § 12-120(3). By terms of I.C. § 12-120(5), that entitlement includes a right to attorney fees incurred in a reasonable attempt to collect on the judgment. *See Action Collection Servs., Inc. v. Bigham*, 146 Idaho 286, 289, 192 P.3d 1110, 1113 (Ct. App. 2008). Thus, MRS is entitled to attorney fees for the intermediate appeal and the present appeal, as well as costs on both levels of appeal pursuant to I.A.R. 40.

Therefore, this matter must be remanded to the district court to determine an appropriate award of costs and attorney fees incurred by MRS in the intermediate appeal.

### III.

### CONCLUSION

The district court's decision reversing the magistrate's order denying Carnes's motion for return of his payment to MRS is reversed. Costs and attorney fees on this appeal are awarded to MRS. The matter is remanded to the district court for determination of costs and attorney fees to which MRS is entitled for the proceedings below.

Judge MELANSON **CONCURS.**

Judge GUTIERREZ, **DISSENTING**

I respectfully dissent. In my view the district court correctly determined that Carnes was subjected to intimidation as a result of the actions by the magistrate and the plaintiff's attorney. I would distinguish the cases that hold that a person merely declaring an intent to use the courts to pursue a legal right does not constitute duress. Here, Carnes found himself in an actual court proceeding being ordered to comply with the requests of plaintiff's attorney. Based on the existence of duress I would affirm the district court's intermediate appellate decision.