**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43253**

| | | |
|---|---|---|
| **BONNEVILLE COUNTY PROSECUTING ATTORNEY,** | ) | **2016 Unpublished Opinion No. 590** |
| | ) | |
| | ) | **Filed:  June 30, 2016** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| **CODY M. WILLIAMS,** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Respondent-Appellant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **1993 HARLEY DAVIDSON, VIN 1HD1BJL4XPY022083** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Joel E. Tingey, District Judge; Hon. Jason D. Walker, Magistrate.

District court's decision, on intermediate appeal, affirming the magistrate's order denying motion to set aside default judgment, affirmed.

Cody M. Williams; Boise, pro se appellant.

Nelson, Hall, Parry, Tucker, PLLC; Weston S. Davis, Idaho Falls, for respondent.

_____

HUSKEY, Judge

Cody M. Williams appeals from the district court's decision, on intermediate appeal, affirming the magistrate's denial of Williams' motion to set aside default judgment.  For the reasons set forth below, we affirm the district court.

**I.**

**FACTS AND PROCEDURE**

On May 25, 2014, the Bonneville County Sheriff's office seized a 1993 Harley Davidson, VIN 1HD1BJL4XPY022083, owned by Cody M. Williams.  On May 29, 2014, the Bonneville

1

County Prosecuting Attorney (Bonneville) filed a complaint *in rem*, pursuant to Idaho Code § 37-2744. The complaint alleged that the motorcycle was the proceeds of the sale of illegal substances and/or had either been used or intended to be used in connection with the illegal manufacture, distribution, or dispensing of controlled substances in violation of the Uniform Controlled Substances Act.

On June 19, 2014, Bonneville filed for default judgment, asserting as grounds for the default that Williams failed to appear or answer the complaint. After receiving notice of default, Williams submitted to the court his objection to the application for entry of default and default judgment and also submitted a partial answer to the complaint. However, the documents were not filed because the requisite filing fee was not paid. After a hearing, the magistrate granted the motion for default.

Williams moved to set aside the default judgment pursuant to Idaho Rule of Civil Procedure 60(b)(1), claiming his mistaken belief he had twenty business days to respond to the complaint warranted relief from the default judgment. Further, Williams claimed his incarceration caused him to lose his paperwork, which created the excusable neglect necessary for the court to set aside the default judgment. The magistrate denied the motion, finding:

> [T]he argument that's raised by Mr. Williams is that he thought it was 20 business days as opposed to 20 regular days is a mistake of law; and that's not a valid basis under Rule 60(b) to set aside the default judgment.
>
> . . . .
>
> He also indicates that during that time period he lost the papers and that that created the excusable neglect necessary for him--or necessary for the Court to set aside the default judgment. In looking at excusable neglect, the Court has to look at what a reasonable person would have done in similar circumstances. And I will readily admit that that is a difficult task because of the incarceration aspect of this . . . .
>
> . . . .
>
> However, the Court notes that from June 2nd through June 15th, that Mr. Williams was not in custody and had a significant period of time, 13 days in that period of time, in which he very well could have filed an answer, sought legal advice, or taken any action that he chose to have taken at that time, including getting replacement documents if he needed them. After he's rearrested on the 15th, he still has a few days. And again, with an asset of this nature, it would seem that that would be a high priority to get the--to get an answer made.
>
> And so as I look at those facts and as I weigh them, I can't say that the incarceration in and of itself raises this matter to the level of excusable neglect.

2

Williams appealed the magistrate's denial of his motion to set aside default judgment to the district court. The district court, in its appellate capacity, affirmed the magistrate's decision, reasoning: (1) the magistrate correctly concluded Williams' mistake as to the twenty-day time period to respond was a mistake of law, which does not warrant relief under I.R.C.P. 60(b)(1); and (2) Williams' lack of response due to incarceration was not excusable neglect. Williams timely appeals.

## II.

## STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, we do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Id*.

## III.

## ANALYSIS

To prevail on appeal, Williams must: (1) satisfy at least one of the criteria of I.R.C.P. 60(b)(1); and (2) allege facts which, if established, would constitute a meritorious defense to the action. *Baldwin v. Baldwin*, 114 Idaho 525, 527, 757 P.2d 1244, 1246 (1988). In his opening brief, Williams argues the magistrate erred in denying Williams' motion to set aside default judgment because Williams had a meritorious defense. It is not until his reply brief that Williams argues he meets the criteria of I.R.C.P. 60(b)(1). In Idaho, pro se litigants are held to the same standards as attorneys. *Medical Recovery Services, LLC v. Carnes*, 148 Idaho 868, 873, 230 P.3d 760, 765 (Ct. App. 2010). In order to be considered by this Court, the appellant is required to identify legal issues and provide authorities supporting the arguments in the opening brief. I.A.R. 35. Consequently, "this Court will not consider arguments raised for the first time in the appellant's reply brief." *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005)

3

(quoting *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004)). Thus, we need not address Williams' mistake and excusable neglect arguments on appeal.

However, even if Williams properly argued on appeal that he met the criteria of I.R.C.P. 60(b)(1), his argument is unavailing. Specifically, Williams argues his misinterpretation of the time period to file a responsive pleading was a mistake of fact and his delay in response to the complaint due to his incarceration was excusable neglect. Below, the magistrate acknowledged that Williams may have a meritorious defense, but found that Williams provided no valid basis under I.R.C.P. 60(b) to set aside the default judgment. The magistrate found:

> [He] may very well have a meritorious defense regarding the allegations in the event that there was a mistake, inadvertence, or excusable neglect that would allow the Court to set aside the default. But pursuant to [I.R.C.P.] Rule 60(b), I don't think I've been provided with any of those factors that would allow me to set aside the default judgment.

Idaho Rule of Civil Procedure 60(b)(1) allows a party to request relief from a default judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. Only a mistake of fact, and not of law, is sufficient to warrant setting aside a default judgment. *Gro-Mor, Inc. v. Butts*, 109 Idaho 1020, 1023, 712 P.2d 721, 724 (Ct. App. 1985). Failure to read a statute or misinterpreting a statute is a mistake of law. *Washington Federal Sav. and Loan Ass'n v. Transamerica Premier Ins. Co.*, 124 Idaho 913, 917, 865 P.2d 1004, 1008 (Ct. App. 1993). Excusable neglect must be conduct of a type expected of a reasonably prudent person under the same circumstances. *Gro-Mor*, 109 Idaho at 1023, 712 P.2d at 724.

Here, the magistrate correctly found Williams' misinterpretation of the time period to file a responsive pleading as providing twenty business days, instead of twenty regular days, was a mistake of law. Because Williams' mistake was a mistake of law, it is not a valid basis to set aside a default judgment under I.R.C.P. 60(b)(1). Further, the magistrate correctly found Williams' incarceration was not excusable neglect because Williams had a substantial amount of time (thirteen days) not incarcerated and still had a few days after incarceration to recover his paperwork and file an answer. Because a reasonably prudent person under the same circumstances with an asset of this nature would have timely filed a response, Williams failed to show excusable neglect. The record shows there was substantial and competent evidence to support the magistrate's finding. Because Williams did not meet his burden under I.R.C.P. 60(b), we need not address his meritorious defense claim. Therefore, the magistrate correctly denied his motion to set aside default judgment.

4

**IV.**

**CONCLUSION**

We conclude there was substantial and competent evidence to support the magistrate's finding that Williams did not meet his burden under I.R.C.P. 60(b)(1) because his mistake was a mistake of law and because he did not show excusable neglect. Accordingly, we affirm the district court. Costs, but not attorney fees, on appeal are awarded to Bonneville.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.