**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52763**

| | |
|---|---|
| GARTH GAYLORD, | ) |
| | ) **Filed: January 28, 2026** |
| Plaintiff-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| TONYA KING, in her official capacity as | ) **OPINION AND SHALL NOT** |
| the Records Custodian of Nampa Police | ) **BE CITED AS AUTHORITY** |
| Department, | ) |
| | ) |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gabriel J. McCarthy, District Judge.

Judgment denying petition to compel disclosure of public records, <u>affirmed</u>.

Garth Gaylord, Nampa, pro se appellant.

Hilty, Bower, Haws & Seable, PLLC; Douglas Waterman, Nampa, for respondent.

_____

GRATTON, Judge

Garth Gaylord appeals from the district court's denial of his petition to compel disclosure of public records held by the Nampa Police Department (NPD) pertaining to its investigation into the arrest of Robert and Melanie Jones. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

Gaylord submitted a written public records request to the NPD seeking police reports related to the December 6, 2024, arrests of Robert and Melanie Jones, including records associated with court cases CR14-24-23598 and CR14-24-23599, and Agency Case No. C24-41902. In the request, Gaylord acknowledged that the underlying cases were pending but asserted that certain categories of information--such as time, date, location, name and age of arrested persons, crime

_____

[1] The factual and procedural background is taken largely from the briefing of the parties. The lack of documentation in the record is addressed *supra*.

1

charged, and nature and description of the incident--remained subject to disclosure under the Idaho Public Records Act, Idaho Code § 74-124.

NPD records custodian, Tonya King, formally responded to the request. King issued a denial pursuant to I.C. § 74-124(1)(a)-(c), asserting that disclosure of the police report narrative was exempt as an investigatory record of a law enforcement agency while criminal proceedings remained active. King provided two documents: (1) a denial letter citing the statutory exemptions; and (2) a redacted "face sheet" summarizing basic information about the incident such as date, time, location, responding officers, and offenses. However, the circumstances or nature of the incident was redacted from the face sheet.

Subsequently, Gaylord filed a verified petition to compel disclosure of public records and application for order to show cause pursuant to I.C. §§ 74-115 and 74-116. Gaylord also filed a notice of hearing setting the statutory show cause hearing.

King filed a verified answer to the petition, supported by a declaration of prosecutor, Christopher Topmiller, and a legal memorandum.[2] The answer asserted the underlying criminal case remained pending and full disclosure of the records could interfere with enforcement proceedings or implicate fair trial concerns under I.C. § 74-124(1). Gaylord filed a response the same day, arguing that neither King nor Topmiller identified record-specific facts demonstrating that disclosure would meet any of the statutory exemption conditions, and further contending that the requested narrative portions did not qualify as exempt investigatory records.

A show cause hearing was held, and the district court denied the petition. The district court later issued a written order denying the petition to compel, stating the requested narrative portion of the police report was part of a pending criminal investigation and, therefore, exempt from disclosure under I.C. § 74-105(1) as an investigatory law enforcement record. Gaylord appeals.

## II.

## STANDARD OF REVIEW

When considering an appeal from a public records request, this Court will not set aside a district court's findings of fact unless they are "clearly erroneous, which is to say that findings that are based upon substantial and competent, although conflicting, evidence will not be disturbed on appeal." *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002). "This Court exercises

---

[2]     Although Gaylord references these items, neither the declaration nor the legal memorandum are contained in the record on appeal.

free review over questions of law, including the interpretation of a statute." *Ward v. Portneuf Med. Ctr., Inc.*, 150 Idaho 501, 504, 248 P.3d 1236, 1239 (2011).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Gaylord claims the district court erred in denying his petition to compel disclosure. Gaylord argues that the district court failed to conduct an in-camera review of the documents to determine whether any information withheld was not exempt from disclosure. Gaylord also argues that the narrative portion of the police record is not exempt from disclosure under the statute. Gaylord further contends that King failed to show cause why the narrative portion of the record is exempt from disclosure in this case. Finally, Gaylord requests filing fees be awarded to him, and an additional penalty be levied against both King and the district court for making a frivolous bad faith effort to follow the law.

As an initial matter, Gaylord's appellate brief does not comply with the Idaho Appellate Rules. Idaho Appellate Rule 35(a)(6) states: "The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." The Idaho Supreme Court has stated: "We will not consider issues that lack 'citations to the record, citations of applicable authority, or comprehensible argument.'" *Kelly v. Kelly*, 171 Idaho 27, 45, 518 P.3d 326, 344 (2022); *Bach v. Bagley*, 148 Idaho 784, 791, 229 P.3d 1146, 1153 (2010). In Gaylord's appellate brief he includes just three citations to the record, pp. 33-34 (a portion of the district court's order denying petition), pp. 6-7 (a portion of Gaylord's petition to compel), and pp. 19-21 (a portion of Gaylord's responsive pleading). For example, Gaylord argues the district court failed to conduct an in-camera review to determine which information in the police report would be exempt from disclosure. Specifically, Gaylord refers to I.C. § 74-124(4) which states, in part: "The court shall decide the case after examining the record in camera, papers filed by the parties, and such oral

3

argument and additional evidence as the court may allow." Gaylord simply argues the district court frivolously and in bad faith decided the case without even examining the record in-camera. Gaylord provides no citations to the record supporting this claim. Moreover, Gaylord references numerous other documents, including district court filings, the declaration of the prosecutor, the documents request and response, among others, with no citation to the record. It is not the role of this Court to search the record on appeal for citation or argument. *See Dickenson v. Benewah Cnty. Sheriff*, 172 Idaho 144, 150, 530 P.3d 691, 697 (2023). This Court need not consider assertions and argument in appellate briefing for which there is no citation to the record. Consequently, Gaylord's minimal citation to the record fails to provide support for his argument and the issues are, therefore, waived.

Additionally, Gaylord fails to provide a complete and accurate record for appellate review. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*.

In the district court's order denying petition to compel disclosure of public records, it states: "after considering the parties' briefing and oral arguments, the Court ruled on the Plaintiff's Petition from the bench." However, in Gaylord's notice of appeal, he does not request the transcript of the hearing and refers instead to an audio of the show cause hearing, but that audio is not included in the record. Therefore, we cannot evaluate any findings or reasons, or lack thereof, for the district court's ruling from the bench in conjunction with the district court's written order. Similarly, it is impossible for this Court to determine whether the district court conducted a full in-camera review of the exempt public records prior to the hearing.

As yet another example, Gaylord argues that even if the requested records are potentially exempt, King failed to show cause as to why the narrative record is exempt. Gaylord asserts that in both King's initial denial and in the declaration of Topmiller, the denial of the public records request lacked sufficient explanation to determine if it fit within the exemptions in I.C. § 74-124(1)(a)-(c). Neither King's denial letter nor Topmiller's declaration are part of the record. Therefore, this Court cannot effectively review the sufficiency of the explanation or basis for denial. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell*, 130 Idaho at 127, 937 P.2d at 439. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*.

In the absence of an adequate record, this Court is left with Gaylord's mere conclusory phrases and arguments on the issues he raises. The Idaho Supreme Court noted in *Groveland Water & Sewer, Dist. v. City of Blackfoot*, 169 Idaho 936, 505 P.3d 722 (2022), "[t]he days of simply restating rote, conclusory phrases such as 'the court erred,' or 'the court abused its discretion,' without citations to the record or transcript and the appropriate law are long past." *Id.* at 941, 505 P.3d at 727; *see Bach*, 148 Idaho at 790, 229 P.3d at 1152 ("Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court."). Gaylord's failure to provide an adequate record for review and lack of particularity in this claim are fatal to this argument on appeal. Furthermore, we note the only exhibit associated with this case is the NPD face sheet.

Finally, Gaylord fails to provide a standard of review in his opening brief. An appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Failure to identify and apply the correct standard of review may result in the waiver of claims on appeal. *Id*.

Pro se litigants are held to the same standards and rules as those represented by an attorney. *Medical Recovery Services, LLC v. Carnes*, 148 Idaho 868, 873, 230 P.3d 760, 765 (Ct. App. 2010). For this reason, pro se litigants, like all other litigants, must comply with Idaho Appellate Rules and standards of appellate practice. Gaylord has waived the issues raised on appeal.

On appeal, Gaylord requests costs for filing fees, as well as additional penalties against King and the district court. Gaylord argues that King and the district court did not make a good faith effort to follow the law but rather they made deliberate bad faith denials to prevent or delay the disclosure of the requested public records. According to I.C. § 74-124(4), the court may, in its discretion, award costs and fees to the prevailing party. In this case, however, Gaylord is not the prevailing party, so no costs are awarded on appeal. Additionally, I.C. § 74-117 allows for an additional penalty "[i]f the court finds that a public official has deliberately and in bad faith improperly refused a legitimate request for inspection or copying." Gaylord's bad faith allegation is specious. King and the district court correctly applied the law. Therefore, Gaylord's request is without merit.

**IV.**

**CONCLUSION**

Gaylord has waived the issues raised on appeal. Therefore, the judgment of the district court denying Gaylord's petition for disclosure is affirmed. Costs on appeal are awarded to King.

Judge HUSKEY and Judge Pro Tem MELANSON **CONCUR**.